CHARLES STEELE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 85694, 86878, 86879, 86880.   Promulgated September 21, 1938.

*Montgomery B. Angell, Esq.,* and *Weston Vernon, Jr., Esq.,* for the petitioner.

*Lewis S. Pendleton, Esq.,* for the respondent.

## OPINION.

Murdock: The petitioner claims that he made a valid, complete, and absolute gift of $1,000,000 to his wife in May 1917; thereafter she made him a loan of the money which was valid in all respects; she had a legally enforceable right to the interest and the principal; and, consequently, when he paid his obligations of principal and inter-

est to her, he was not making gifts. The Commissioner now refuses to see in the transactions of May 1917 any absolute gift and bona fide loan. The decision depends upon whether the evidence shows an actual completed gift and an obligation to pay the principal and interest on a legally enforceable loan.

These transactions were not prompted by any desire to avoid or minimize taxes. There was no gift tax in effect in 1917. The United States had just entered a great war. Although the petitioner was a wealthy man, he did not want to have all of his fortune at the risk of his partnership business, in view of the uncertainties of the future. He deemed it wise to make some provision for his wife and daughters which would not be subject to those partnership risks. So he decided to make a gift of a substantial sum to each. He had ample funds to cover the checks which he used to make the gifts, and the steps taken were regular in every way. The funds were actually and completely transferred from his account to their separate accounts. The evidence on this point is precise, complete, and convincing. There were no strings of any kind to the gifts, no restrictions as to use, and no agreements as to use of the funds by the donees.

The loans afford no satisfactory reason to disregard the reality of the gifts. The petitioner worked out the plan of the loans for the benefit and protection of the members of his family in trying times. He wanted them to receive 6 percent upon their money, but he knew that sound securities would not return that much income. The interest provision enabled them to secure the 6 percent. The risk of his partnership business was satisfactorily eliminated by the notes, which made the women his general creditors, taking precedence as to his individual property over firm creditors, and by the ample and sound collateral which he gave. There was no ulterior motive back of the loans. Every step was calculated to produce the desired result. The loans were valid and binding. The petitioner could have been compelled to pay the interest and principal, and, consequently, when he made the payments, he was not making gifts.

Since no tax was due, of course, there can be no question of a penalty for failure to file a timely return. But in connection with the main issue, it is noteworthy that the representatives of the Commissioner, with full knowledge of the facts, accepted the return of the interest on the notes, as income of the women and as a deductible payment by the petitioner, for many years. A different attitude was taken for the first time in 1935 and the belated explanation was that there was no consideration for the note and payment of interest could not be enforced. The evidence shows that the Commissioner erred.

*Decision will be entered under Rule 50.*